RECEIVED
MAR 2 2 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO: 09-320-10 |
| VERSUS | JUDGE DOHERTY |
| ERIC JAMES BONNER | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING & ORDER

Currently pending before the Court is defendant Eric Bonner's pro se motion for reduction and/or modification of sentence, "based upon the retroactive application of Amendment 782 to the United States Sentencing Guidelines." [Doc. 970, p. 1] For the following reasons, the motion is DENIED.

On February 17, 2011, defendant Eric Bonner pleaded guilty to Count 1 of a Criminal Indictment, which charged defendant with conspiracy to possess with intent to distribute cocaine base and cocaine. [Doc. 366] At his plea hearing, pursuant to his factual stipulation, defendant admitted he "distributed, or possessed with the intent to distribute, at least 50 grams, but less than 150 grams of crack or cocaine base with [a co-conspirator]." [Doc. 369-2, p. 5] On June 5, 2012, defendant was sentenced to 180 months incarceration. In sentencing defendant, the Court relied upon the version of 21 U.S.C. § 841 existing prior to enactment of the Fair Sentencing Act, in compliance with Fifth Circuit jurisprudence at that time.[1] *See e.g. U.S. v. Tickles*, 66 F.3d 212 (5th Cir. 2011)(Fair Sentencing Act does not apply retroactively to defendants whose illegal conduct

---

[1] Under the prior version of § 841, the Court determined defendant was subject to a mandatory minimum statutory sentence of ten years of incarceration.

preceded the FSA, but were sentenced post-enactment of the FSA), *vacated* 133 S.Ct. 66.

On June 21, 2012, the Supreme Court issued *Dorsey v. United States*, 132 S.Ct. 2321 (2012), which held the FSA applies to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date, thereby abrogating *Tickles*. On June 18, 2013, defendant filed a motion vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, based on *Dorsey v. United States*, 132 S.Ct. 2321 (2012), and arguing he should be re-sentenced utilizing the statutory sentencing range applicable under the FSA. [Doc. 715] On December 3, 2014, this Court granted defendant's motion. [Doc. 842]

On February 24, 2016, the Court re-sentenced defendant. [Doc. 963] At that hearing, in light of the Fair Sentencing Act, the Court determined defendant was subject to a mandatory minimum statutory sentence of five years, up to a maximum of forty years incarceration. The Court sentenced defendant to 97 months of incarceration. [Doc. 965]

On March 7, 2016, defendant filed a pro se motion for reduction and/or modification of sentence, "based upon the retroactive application of Amendment 782 to the United States Sentencing Guidelines." [Doc. 970, p. 1] Amendment 782 generated a 2-level reduction in all offense levels found in § 2D1.1 and §2D1.11 of the United States Sentencing Guidelines. Amendment 782 became effective November 1, 2014. When this Court re-sentenced defendant on February 24, 2016, it applied the offense level found in § 2D1.1 of the sentencing guidelines, as amended by Amendment 782.[2] As such, defendant has already received the benefit of Amendment 782 to the U.S. Sentencing

---

[2] When defendant was originally sentenced on June 5, 2012, the Court determined defendant's base offense level, pursuant to USSG § 2D1.1 was 26; defendant's guideline range was 262 to 327 months incarceration. [Doc. 612, pp. 6; 26] At re-sentencing, the Court determined defendant's base offense level was 24; defendant's guideline range was determined to be 188 to 235 months incarceration. [*See* PSR, revised June 25, 2012, pp. 6, 25]

Guidelines.

In light of the foregoing, defendant's motion for reduction of sentence based on retroactive application of Amendment 782 to the United States Sentencing Guidelines [Doc. 970] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana this 22nd day of March, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE